**RECEIVED**

JUL 1 3 2016

THOMAS G BRUTON
CLERK, U S DISTRICT COURT

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

DORIS K. LARGE )
7740 W. 79th PL. )
BRIDGEVIEW, IL. 60455 )
(Name of the plaintiff or plaintiffs) )
)
v. )
CHIEF EXECUTIVE OFFICE )
BERNARD LARRY )
7920 W- 79th ST )
)
BRIDGEVIEW, IL. )
(Name of the defendant or defendants) )

CIVIL ACTION

1:16-cv-07194
Judge Amy J. St. Eve
Magistrate Judge Sheila M. Finnegan

### COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.

2. The plaintiff is DORIS K. LARGE of the
county of COOK in the state of ILLINOIS.

3. The defendant is (BERNARD LARRY) McDONALD'S, whose
street address is 7920 W. 74th ST,
(city) BRIDGEVIEW (county) COOK (state) IL. (ZIP) 60455
(Defendant's telephone number) (708) 496-1777

4. The plaintiff sought employment or was employed by the defendant at (street address)
7920 W. 79th ST (city) BRIDGEVIEW
(county) COOK (state) IL. (ZIP code) 60455

5. The plaintiff [*check one box*]

(a) ☐ was denied employment by the defendant.

(b) ☐ was hired and is still employed by the defendant.

(c) ☒ was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about,
(month) *JUNE*, (day) *1*, (year) *2014*.

7.1 *(Choose paragraph 7.1 or 7.2, do not complete both.)*

(a) The defendant is not a federal governmental agency, and the plaintiff [*check
one box*] ☒ *has not* filed a charge or charges against the defendant
☐ *has*
asserting the acts of discrimination indicated in this complaint with any of the following
government agencies:

(i) ☐ the United States Equal Employment Opportunity Commission, on or about
(month)_____ (day)_____ (year)_____.

(ii) ☒ the Illinois Department of Human Rights, on or about
(month)_*OCTOBER*___ (day) *30* (year) *2014*.

(b) If charges *were* filed with an agency indicated above, a copy of the charge is

attached. ☒ YES. ☐ NO, **but plaintiff will file a copy of the charge within 14 days**.

It is the policy of both the Equal Employment Opportunity Commission and the Illinois
Department of Human Rights to cross-file with the other agency all charges received. The
plaintiff has no reason to believe that this policy was not followed in this case.

7.2 The defendant is a federal governmental agency, and
(a) the plaintiff previously filed a Complaint of Employment Discrimination with the
defendant asserting the acts of discrimination indicated in this court complaint.

☒ (Yes (month) *NOVEMBER* (day) *1* (year) *2014*

☒ No, did not file Complaint of Employment Discrimination

(b)  The plaintiff received a Final Agency Decision on (month) *MAY*
(day) *24* (year) *2016* .

(c)  Attached is a copy of the

(i)  Complaint of Employment Discrimination,

☒ YES    ☐ NO, but a copy will be filed within 14 days.

(ii) Final Agency Decision

☐ YES    ☐ NO, but a copy will be filed within 14 days.

8.  *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

(a) ☐    the United States Equal Employment Opportunity Commission has not issued

a *Notice of Right to Sue.*

(b) ☒    the United States Equal Employment Opportunity Commission has issued a

*Notice of Right to Sue*, which was received by the plaintiff on

(month) *MAY* (day) *24* (year) *2016* a copy of which

*Notice* is attached to this complaint.

9.  The defendant discriminated against the plaintiff because of the plaintiff's [***check only
those that apply***]:

(a) ☒    Age (Age Discrimination Employment Act).

(b) ☐    Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

3

(c) ☐ Disability (Americans with Disabilities Act or Rehabilitation Act)

(d) ☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(e) ☐ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(f) ☐ Religion (Title VII of the Civil Rights Act of 1964)

(g) ☐ Sex (Title VII of the Civil Rights Act of 1964)

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791.

12. The defendant [*check only those that apply*]

(a) ☐ failed to hire the plaintiff.

(b) ☐ terminated the plaintiff's employment.

(c) ☒ failed to promote the plaintiff.

(d) ☐ failed to reasonably accommodate the plaintiff's religion.

(e) ☒ failed to reasonably accommodate the plaintiff's disabilities.

(f) ☒ failed to stop harassment;

(g) ☐ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

(h) ☐ other (specify):_____

_____

4

_____

_____

_____

_____

13.    The facts supporting the plaintiff's claim of discrimination are as follows:

*Younger employees were promoted, were given proper training. WAS CONSTANTLY told I would have to move faster & to pick up the pace.*

_____

_____

_____

14.    **[AGE DISCRIMINATION ONLY]**  Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15.    The plaintiff demands that the case be tried by a jury. ☐ YES  ☒ NO

16.    THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

(a) ☐    Direct the defendant to hire the plaintiff.

(b) ☐    Direct the defendant to re-employ the plaintiff.

(c) ☐    Direct the defendant to promote the plaintiff.

(d) ☐    Direct the defendant to reasonably accommodate the plaintiff's religion.

(e) ☐    Direct the defendant to reasonably accommodate the plaintiff's disabilities.

(f) ☐    Direct the defendant to (specify): *be accountable for his actions on embarrassing me, belittleing him, harrassing me to the point of crying or I could not think functionaly to perform my job.*

_____

_____

_____

_____

(g) ☒ If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☐ Grant such other relief as the Court may find appropriate.

(Plaintiff's signature)

_Doris K. Large_

(Plaintiff's name)

_7740 W. 79th PL    DORIS K.LARGE_

(Plaintiff's street address)

_7740 W. 79th PL._

_____

(City) _BRIDGEVIEW_ (State) _IL._ (ZIP) _60455_

(Plaintiff's telephone number) _(708) 510-0881_

7-13-16

Date: _~~6-22-16~~_

6

EEOC Form 161 (11/09)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: Doris K. Large<br>7740 W. 79th Place Apt. #2E<br>Bridgeview, IL 60455 | From: Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |
|---|---|

|  | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) |  |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2015-00930 | Daniel Lim,<br>State & Local Coordinator | (312) 869-8082 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equai Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Julianne Bowman/ht*

**Julianne Bowman,<br>District Director**

May 24, 2016

*(Date Mailed)*

Enclosures(s)

cc:

**Chief Executive Officer<br>MCDONALD'S<br>7920 W. 79th Street<br>Bridgeview, IL 60455**

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.

#15M1007.02

| AGENCY | CHARGE NUMBER |
|---|---|
| ☒ IDHR | 2015CA2181 |
| ☐ EEOC | |

## Illinois Department of Human Rights and EEOC

| NAME OF COMPLAINANT (indicate Mr. Ms. Mrs.) | TELEPHONE NUMBER (include area code) |
|---|---|
| Ms. Doris K. Large | (708) 510-0881 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH 3/29/ 58 |
|---|---|---|
| 7740 W. 79th Place, Apt. 2E | Bridgeview, IL 60455 | M D YEAR |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME OF RESPONDENT | NUMBER OF EMPLOYEES, MEMBERS 15+ | TELEPHONE NUMBER (include area code) |
|---|---|---|
| McDonald's | | (708) 496-1777 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 7920 W. 79th Street | Bridgeview, IL 60455 | Cook |

| CAUSE OF DISCRIMINATION BASED ON: | DATE OF DISCRIMINATION EARLIEST (ADEA/EPA) LATEST (ALL) |
|---|---|
| Age          Sexual Harassment | 6/1/14       10/12/14  ☐ CONTINUING ACTION |

THE PARTICULARS OF THE CHARGE ARE AS FOLLOWS:

I.  A.  **ISSUE/BASIS**
       **SEXUAL HARASSMENT – JUNE 2014 THROUGH SEPTEMBER 27, 2014**

   B.  **PRIMA FACIE ALLEGATIONS**
       1. My sex is female.

       2. From about June 2014, through September 27, 2014, I was subjected to a sexually offensive work environment by Bernard Larry (male), General Manager, who openly told three young women on at least three occasions how good their bodies looked.

       3. These incidents were unwanted and unwelcome.

Page 1 of 3

| I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | SUBSCRIBED AND SWORN TO BEFORE ME THIS _____ DAY OF _____, 2015. |
|---|---|
| | NOTARY SIGNATURE |
| NOTARY STAMP | X_____ SIGNATURE OF COMPLAINANT          DATE  I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |

EEO-5 FORM (Rev. 7/12-INT)

Charge Number: 2015CA2181
Complainant: Doris K. Large
Page 2 of 3

    4. The sexual harassment created a hostile and sexually offensive work environment which interfered with the performance of my job.

II.    A.    **ISSUE/BASIS**
        **FAILURE TO PROMOTE – AUGUST 1, 2014, BECAUSE OF MY AGE, 56**

    B.    **PRIMA FACIE ALLEGATIONS**
        1. My age was 56 at the time of the alleged violation.

        2. Respondent had an available position for setup.

        3. I am qualified for the set up position and Respondent was aware of my interest in being promoted.

        4. On or about August 1, 2014, Bernard Larry (age unknown), Manager, failed to promote me to the set up position. No reason was given.

        5. A similarly situated younger less qualified candidate was promoted to the position.

III.    A.    **ISSUE/BASIS**
        **UNEQUAL TERMS AND CONDITIONS OF EMPLOYMENT–AUGUST 20, 2014, BECAUSE OF MY AGE, 56**

    B.    **PRIMA FACIE ALLEGATIONS**
        1. My age was 56 at the time of the alleged violation.

        2. My job performance met Respondent's expectations. I was hired on May 21, 2014.

        3. On August 20, 2014, I was subjected to unequal terms and conditions of employment, when, I was not allowed breaks and lunch.

        4. Similarly situated younger employees under the age of 40 were not treated in this manner.

IV.    A.    **ISSUE/BASIS**
        **DENIAL OF HOURS –AUGUST 23, 2014, BECAUSE OF MY AGE, 56**

    B.    **PRIMA FACIE ALLEGATIONS**
        1. My age was 56 at the time of the alleged violation.

        2. My job performance met Respondent's expectations. I was hired on May 21, 2014.

        3. On or about August 23, 2014, I my request for additional hours were denied. No reason was given.

        4. Similarly situated younger employees under the age of 40 received more hours than I.

Charge Number: 2015CA2181
Complainant: Doris K. Large
Page 3 of 3

V.   A.   ISSUE/BASIS
          DENIAL OF TRAINING- AUGUST 23, 2014, BECAUSE OF MY AGE, 56

     B.   PRIMA FACIE ALLEGATIONS
          1. My age was 56 at the time of the alleged violation.

          2. My job performance met Respondent's expectations. I was hired on May
             21, 2014.

          3. On or about August 23, 2014, my request for additional training was
             denied. No reason was given.

          4. Similarly situated younger employees under the age of 40 received
             training, I did not.

VI.  A.   ISSUE/BASIS
          SENT HOME – SEPTEMBER 27, 2014, BECAUSE OF MY AGE, 56

     B.   PRIMA FACIE ALLEGATIONS
          1. My age was 56 at the time of the alleged violation.

          2. My job performance met Respondent's expectations. I was hired on May
             21, 2014.

          3. On September 27, 2014, I was sent home by Bernard Larry (age unknown),
             Manager. The reason given was because I gave a customer the wrong
             order.

          4. Similarly situated younger employees under the age of 40 were not treated
             in this manner under similar circumstances.

VII. A.   ISSUE/BASIS
          CONSTRUCTIVE DISCHARGE – OCTOBER 12, 2014, BECAUSE OF MY
          AGE, 56

     B.   PRIMA FACIE ALLEGATIONS
          1. My age was 56 at the time of the alleged violation.

          2. My job performance met Respondent's expectations. I was hired on May
             21, 2014.

          3. Due to the continuing discriminatory conditions of my employment, I
             concluded that Respondent did not want me employed there and, thus,
             constructed a work environment so hostile and intolerable that no
             reasonable minded person could continue to work effectively within such
             an environment. Consequently, I had no other alternative but to resign
             from Respondent on October 12, 2014.

MFP/RCG/amm